IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-101-BO

HUMPHREY A. JONES,
    Plaintiff,

v.                            **ORDER**

SANDERSON FARMS, INC.,
    Defendant.

This matter is before the Court on defendant's motion to dismiss and plaintiff's motion for leave to file a second amended complaint. For the following reasons, defendant's motion to dismiss is granted and plaintiff's motion to amend the complaint is denied.

## BACKGROUND

This action arises out of employment between plaintiff, a North Carolina citizen and resident, and defendant, a corporation registered to do business in North Carolina. Plaintiff filed a *pro se* complaint in this Court on June 9, 2014, in which he alleged a violation of Title VII of the Civil Rights Act of 9164. His complaint named as defendant "Sandersons Farms." On January 29, 2015, this Court denied without prejudice defendant's first motion to dismiss, which was based in part on alleged violations of Federal Rules of Civil Procedure 12(b)(2), (b)(4), and (b)(5), which govern service. The Court also granted plaintiff's motion to amend the complaint to correctly effect service of process.

Proceeding *pro se*, plaintiff filed the first amended complaint in which he requested more than $25,000 in damages, after which defendant filed the instant motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff subsequently obtained counsel, through whom

plaintiff filed the instant motion to amend the complaint for a second time on September 28, 2015.

DISCUSSION

*Motion to Dismiss*

Plaintiff's first amended complaint alleges race discrimination and retaliatory discharge under Title VII. Defendant moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A plaintiff must bring suit within ninety days of receiving a right to sue notice from the Equal Opportunity Employment Commission (EEOC). 42 U.S.C. § 2000e-5(f)(1). Failure to comply with this time limit forecloses a plaintiff from bringing suit on the allegations made in the EEOC discrimination charge. *Zipes v. Transworld Airlines, Inc.* 455 U.S. 385, 393 (1982); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987); *Theard v. United States Army*, 653 F.Supp. 536, 541 (M.D.N.C. 1987). In determining when a plaintiff received the right to sue notice, the Fourth Circuit has rejected an "actual receipt" rule, *Harvey*, 813 F.2d at 654, in favor of a presumption that the letter was received within three days after it was mailed, Fed. R. Civ. P. 6(d); *Nguyen v. Inova Alexandria Hosp.* 187 F.3d 630, 1999 WL 556446 at *3 (4th Cir. 1999) (unpublished).

2

Here, the EEOC's right-to-sue letters are dated November 18, 2013 and November 25, 2013. [DE 31–1, 31–2]. Each letter clearly states that any lawsuit must be filed within 90 days of receipt of the notice. Accordingly, plaintiff's deadline for filing on the first charge occurred on or about February 19, 2014, while plaintiff's deadline for filing on the second charge occurred on or about February 26, 2014. Plaintiff filed his first complaint in this Court on June 9, 2014, over three months beyond the deadline. Because plaintiff failed to file a civil suit during the 90-day period indicated in the right-to-sue letter, he cannot now make claims based on the allegations in that charge. *See, e.g.,* 42 U.S.C. § 2000e–5(f)(1).

Moreover, plaintiff has not demonstrated that equitable tolling is appropriate. *See, e.g. Harvey* 813 F.2d at 654. Plaintiff has given no reason for the delay other than that he did not receive the letter. Reliance on a plaintiff's actual receipt would give plaintiffs an "open-ended time extension, subject to manipulation at will." *Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993). As plaintiff has given no explanation for his delay, the Court declines to find that equitable tolling is appropriate. Accordingly, the Court is without jurisdiction to consider plaintiff's Title VII claims and defendant's motion to dismiss the amended complaint is granted. The Court declines to consider plaintiff's 12(b)(6) argument.

*Motion to Amend*

Rule 15(a)(2) of the Federal rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although the right to amend is not unfettered, "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231,

3

242 (4th Cir. 1999) (citation omitted). A proposed amendment is futile if it would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

In pertinent part, plaintiff's proposed amendment to the complaint would remove the Title VII claims and add a state law wrongful termination claim. Plaintiff's proposed amended complaint, therefore, raises no federal question. Moreover, the parties do not have diversity of citizenship, nor is the amount in controversy greater than $75,000. *See, e.g.,* 18 U.S.C. § 1332(a). As the amended complaint would not state a claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[i]n the usual case in which all federal-law claims are eliminated before trial the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Walsh v. Mitchell*, 427 F. App'x 282, 283 (4th Cir. 2011) (per curiam) (unpublished). Accordingly, plaintiff's motion to amend the complaint is denied.

4

Case 4:14-cv-00101-BO Document 43 Filed 11/06/15 Page 4 of 5

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 30] is GRANTED and plaintiff's motion for leave to file a second amended complaint [DE 39] is hereby DENIED, as the Court declines to exercise jurisdiction over plaintiff's state law claims. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 5 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE